87 F.3d 1321
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rance MOORE, Petitioner-Appellant,
v.
W.A. DUNCAN, Warden; Attorney General, State of California,
Respondents-Appellees.
 No. 95-56591.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 19, 1996.
 
 Before: CANBY, NOONAN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rance Moore, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition. Moore contends that the district court erred by denying his petition. We have jurisdiction pursuant to 28 U.S.C. § 2253. After reviewing the district court's conclusions of law de novo, Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995), we affirm.
 
 
 3
 On February 5, 1991, Moore was convicted of fourteen counts of committing a forcible lewd act upon a child and one count of child endangerment and later sentenced to 114 years in state prison. Moore appealed his conviction, raising several claims including a claim that his Sixth Amendment right to counsel had been violated. After exhausting all available state remedies, Moore again raised his claim that his Sixth Amendment right to counsel had been violated in a § 2254 habeas petition to the district court. The district court denied Moore's habeas petition and Moore appealed.
 
 
 4
 Moore contends that the district court erred by denying his § 2254 habeas petition. Moore contends that his Sixth Amendment right to counsel was violated when the trial court replaced appointed counsel with substitute counsel based on a potential conflict of interests, despite Moore's waiver of any potential conflicts. This contention is without merit.
 
 
 5
 The Sixth Amendment provides that criminal defendants who can afford retained counsel have a qualified right to counsel of their choice. See Wheat v. United States, 486 U.S. 153, 159 (1988). However, "the sixth amendment also guarantees each criminal defendant the right to assistance of counsel 'unhindered by a conflict of interests.' " United States v. Wheat, 813 F.2d 1399, 1402 (9th Cir.1987) (quoting Cuyler v. Sullivan, 446 U.S. 335, 355 (1980) (Marshall, J., concurring in part, dissenting in part)), aff'd, 486 U.S. 153 (1988). Moreover, there is no violation of the Sixth Amendment for a trial court to substitute counsel where this actual or serious potential conflict of interests. Wheat, 486 U.S. at 164.
 
 
 6
 Here, it is undisputed that prior to trial, Moore's appointed counsel was involved in the videotaping of the victim's recantation of her allegations of sexual abuse. Thereafter, the prosecution accused Moore's appointed counsel of manufacturing evidence and notified the court that Moore's appointed counsel might be called as a witness. The trial court held an in camera hearing and found it very likely that Moore's appointed counsel would be called as a witness and placed in a position where his own interests would be potentially adverse to those of his client's. Therefore, despite Moore's express waiver of conflict-free representation, the trial court found that the potential conflicts outweighed Moore's right to counsel of his choice and appointed new counsel. Because it was very likely that Moore's appointed counsel would be called as a witness and, consequently, faced with a conflict of interests, Moore's Sixth Amendment rights were not violated. See Id.[1]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Additionally, Moore contends that he received ineffective assistance of counsel. However, because Moore did not raise this claim in the district court we will not address it here. See Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir.1994), cert. denied, 115 S.Ct. 1378 (1995)